UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE GARCIA MENDOZA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. :26-cv-09303-DAD-JDP (HC)<br><br><u>ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER</u><br><br>(Doc. No. 2) |

On November 11, 2026, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for temporary restraining order seeking his immediate release from custody. (Doc. Nos. 1, 2.) On November 13, 2026, the court issued an order directing respondents to file an opposition to the pending motion for temporary restraining order by Monday, November 16, 2026, at 5:00 p.m. (Doc. No. 5.) To date, no opposition to the pending motion has been filed.

Petitioner alleges as follows. He was previously detained by immigration authorities and placed into removal proceedings in 2014. (Doc. No. 1 at 2.) Later that year, an immigration judge ("IJ") dismissed those proceedings against him and he was released from custody. (*Id.*); *see also* (Doc. No. 1-1 at 1.) On or about November 8, 2026, immigration authorities re-detained him without advanced notice, an opportunity to be heard, a warrant, or a valid notice to appear. (*Id.*)

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

As to the first *Winter* factor, the court incorporates the reasoning set forth in *Ramirez Salinas v. Warden Golden State Annex*, No. 1:26-cv-08246-DAD-CKD (HC), 2026 WL 3151101, at *2 (E.D. Cal. Oct. 21, 2026), where the court concluded that the government violated due process when it re-detained a petitioner, against whom removal proceedings were terminated at the time of re-detention, without notice or a pre-detention hearing. So too here, petitioner alleges that he was re-detained without notice or a hearing twelve years after an IJ terminated removal proceedings against him. *See also Yu v. Hernandez*, No. 2:26-cv-01372-DGE, 2026 WL 1560581, at *6–8 (W.D. Wash. May 22, 2026) (reaching the same conclusion for a petitioner who had removal proceedings dismissed, remained at liberty in the United States for over ten years, and was subsequently re-detained without prior notice or a hearing). Accordingly, the court concludes that petitioner is likely to succeed on the merits of his procedural due process claim.

As to the second *Winter* factor, "[i]t is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (internal quotation marks and citation omitted). As concluded above, petitioner is likely to succeed on the merits of his claim that his detention violates due

process. "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (citation omitted). Accordingly, the court concludes that the second *Winter* factor weighs in petitioner's favor.

As to the third and fourth *Winter* factors, the consideration of the balance of equities and the public interest in an injunction merge "[w]hen the government is a party[.]" *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). "Just as the public has an interest in the orderly and efficient administration of this country's immigration laws, the public has a strong interest in upholding procedural protections against unlawful detention." *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *6 (E.D. Cal. July 16, 2025) (internal quotation marks omitted) (quoting *Vargas v. Jennings*, 20-cv-05785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020)). Petitioner has demonstrated that he will likely succeed on the merits of his unlawful re-detention claim for the reasons explained above. Therefore, the court concludes that consideration of the last two *Winter* factors also favor granting petitioner's motion for temporary restraining order.

For the reasons explained above, the court hereby GRANTS petitioner's motion for temporary restraining order as follows:

1. Respondents are ORDERED to immediately release petitioner Enrique Garcia Mendoza, A-File No. 206-101-729, from respondents' custody;
2. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;
3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and
4. The Court is inclined to grant the petition for the reasons stated in this order granting his motion for temporary restraining order. Accordingly, respondents are

ORDERED to file an opposition or statement of non-opposition to the petition for writ of habeas corpus (Doc. No. 1) no later than Monday, November 23, 2026 at 5 p.m.

IT IS SO ORDERED.

Dated: **November 18, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE